**620**

Timothy A. MONTANIA, Plaintiff,

v.

The AETNA CASUALTY AND SURETY
COMPANY, Defendant.

No. 93 C 274.

United States District Court,
N.D. Illinois, E.D.

Feb. 11, 1994.

John P. DeRose, Chicago, IL, for plaintiff.

Gail C. Kalinich, Ross & Hardies, Chicago,
IL, for defendant.

### ORDER

GRADY, District Judge.

Defendant has moved to compel and for sanctions in connection with plaintiff's response to a document request. The request was served on April 5, 1993, along with a notice of plaintiff's deposition. The request called for production of various categories of documents which plaintiff would rely upon to support the various allegations of his complaint. Plaintiff's deposition was noticed for May 13, 1993. Defendant's counsel arranged for defendant's house counsel to come from Hartford, Connecticut, to attend the deposition.

On May 6, 1993, plaintiff's attorney, John E. DeRose, mailed to defense counsel plaintiff's response to the document request. The response was received in the mail on May 10. Generally, the response asserted that the documents requested were in defendant's possession and plaintiff could not respond until defendant had produced these documents.

On May 12, the day before the scheduled deposition, plaintiff's counsel telephoned the office of defense counsel and left a message to the effect that he had four boxes of documents in support of plaintiff's claim and that he would like to postpone the deposition until defense counsel had had an opportunity to examine those documents. By that time, however, house counsel for defendant had already arrived in Chicago for the deposition and defense counsel was unwilling to postpone it. The parties attempted to make some arrangement for defense counsel to review the documents before the deposition, but were unable to reach agreement. The deposition, therefore, went ahead on May 13, without the documents.

█ The parties had further discussions about the best way to produce the documents. One option was for them to be inspected at the office of plaintiff's attorney, but defense counsel finally elected to have the documents copied at defendant's expense. What happened thereafter is the occasion for the present motion. Plaintiff's counsel, Mr. John P. DeRose, sent eight boxes of documents to Record Copy Services for copying. The bill came to $2,965.55. Defendant's sanctions motion is based upon the fact that the copied documents included a 700 page telephone book and a 300 page airline magazine. Defendant also asserts that the documents included "other irrelevant items," Defendants' Motion to Compel and For Sanctions ("Defendant's Motion"), at ¶ 9, but these are not specified.

Defendant seeks appropriate sanctions, which the court believes would be the cost of copying the irrelevant documents. Plaintiff does not contend that the telephone book or airline magazine are relevant, and these come to 1,000 pages. The court is unable to tell from defendant's motion and supporting materials whether there were in fact additional irrelevant documents in the boxes.

Mr. DeRose acknowledges no responsibility for the error but seeks to shift the blame to defendant's attorneys because they asked to have all of the documents copied without ascertaining for themselves that all of them were relevant. But this misplaces the responsibility in this situation. Mr. DeRose had to know that defendant wanted only relevant documents and was not interested in paying the cost of copying irrelevant materials. In her letter of May 17 to Mr. DeRose, Ms. Kalinich, counsel for defendant, authorized Mr. DeRose to send the documents to Record Copy Services. She stated that "[w]e do not need anything more than regular photocopies of the *responsive documents....*" (Emphasis added) Plaintiff's Response to Defendant's Motion to Compel and for Sanctions, Exh. B. The idea that Mr. DeRose would not examine the documents to determine their relevance before sending them to Record Copy Services was obviously far from Ms. Kalinich's mind, as it should have been. Efficient conduct of discovery requires some exertion on the part of counsel to see to it that what they produce is responsive to the requests the other side has made. Even if these records had not been sent to a copying service, but had simply been produced directly to defense counsel for their inspection, Mr. DeRose would have been properly sanctionable for any substantial waste of time caused by his negligent production of irrelevant materials. If defense counsel had inspected the materials instead of having them copied, obviously no significant amount of time would have been wasted examining the telephone book or airline magazine, so no harm would have been done. The harm is occasioned by the fact that Record Copy Services was told to copy everything. But Mr. DeRose knew that and also knew that defense counsel had not looked at the materials.

This is not a matter of penalizing counsel for a judgment call that resulted in the production of too many documents that were only questionably relevant. If there is doubt about the relevance of a document, it is usually a good idea to produce it or at least call it to the attention of the requesting party. No one would fault an attorney who produced too many documents in those circumstances. But here, Mr. DeRose exercised no judgment at all; he simply dispatched a number of boxes to a copy service without any idea of their contents.

In the court's view, this motion should not have been necessary. Mr. DeRose should have owned up to the consequences of his negligence and offered to pay the cost of the unnecessary copying. Because he has refused to do that, the court and counsel have had to spend a great deal of valuable time in an essentially unproductive exercise.

■ Defendant has moved to compel a further response from plaintiff, specifically indicating what documents are responsive to which document request. This is appropriate. Defendant indicates that some 17,570 pages were contained in the boxes. Defendant should not be required to guess which documents relate to which request, especially since the requests were clear and specific. Perhaps when this has been done, other documents besides the telephone book and the magazine will be shown to have no arguable relevance to the case.

Defendant's motion to compel and for sanctions is allowed, as follows:

(1) By March 4, 1994, plaintiff shall file a further response to defendant's first request for production of documents, indicating which documents produced by plaintiff are responsive to which specific request;

(2) Attorney John P. DeRose shall pay to defendant the per page charge by Record Copy Services for copying the telephone book, the airline magazine, and any other documents ultimately determined to be clearly unresponsive to defendant's document requests; the final amount shall be determined after plaintiff has filed his further response to the document requests;[1]

---

**1.** It is not clear to the court what the per page charge was, either from defendant's discussion,

(3) Attorney John P. DeRose shall pay to defendant its reasonable attorneys' fees for presenting this motion to compel and for sanctions, said fees to be determined by the court after the necessary work has been done to determine the total number of irrelevant documents that were copied. At that time, defendant may present a fee petition.

Defendant's Motion, at ¶ 9, or from the Record Copy Service bill, which does not indicate the number of pages copied, Defendant's Motion, at

Exh. F. This should be easily ascertainable from Record Copy Service.